Nos. 12-1213 and 12-1216
_____

# UNITED STATES COURT OF APPEALS
### For the First Circuit
_____

UNITED STATES,

Appellee,

v.

STEPHEN L. VOISINE, and
WILLIAM E. ARMSTRONG III,
Appellants.

_____

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

_____

## SUPPLEMENTAL REPLY BRIEF OF APPELLANTS

_____

**VIRGINIA G. VILLA, # 124070**
**Assistant Federal Defender**
**Attorney for Appellants**

**Federal Defender Office**
**District of Maine –Bangor Branch**
**23 Water Street, Suite 206**
**Bangor, ME 04401**
**207-992-4111**
**FAX: 207-992-9190**
Virginia_Villa@fd.org

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

ARGUMENTS:

    I.     The Supreme Court's prior rulings that common-law battery involves intentional conduct forecloses the Government's efforts to incorporate reckless battery offenses within the "use of physical force" definition of a misdemeanor crime of domestic violence. . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Certificate of Compliance
Certificate of Service

i

# TABLE OF AUTHORITIES

**CASES:**                                                                                      **Page**

*Commonwealth v. Hawkins*, 32 N.E. 862 (Mass. 1893). . . . . . . . . . . . . . . . . . . . 3, 4

*Johnson v. United States*, 130 S.Ct. 1265 (2011). . . . . . . . . . . . . . . . . . . . . . . 1, 3, 6

*Rubin v. United States*, 449 U.S. 424 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Bayes*, 210 F.3d 64 (1st Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Carter*, __ F.3d __, 2014 WL1688909, *8 (1st Cir. 2014).. . . 2, 7, 8

*United States v. Castleman*, 134 S.Ct. 1405 (2014). . . . . . . . . . . . . . . . . . 1, 2, 3, 6

*United States v. Delis*, 558 F.3d 177 (2nd Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Hines*, 2014 WL 1875164 (D.Me. 2014). . . . . . . . . . . . . . . . . . . 8

**STATUTES**:

18 U.S.C. § 113(a)(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

18 U.S.C. § 921(a)(33)(A).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 922(g)(9). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

**MISCELLANEOUS:**

Model Penal Code § 211.1(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## ARGUMENT

## I.

## THE SUPREME COURT'S PRIOR RULINGS THAT COMMON-LAW BATTERY INVOLVES INTENTIONAL CONDUCT FORECLOSES THE GOVERNMENT'S EFFORTS TO INCORPORATE RECKLESS BATTERY OFFENSES WITHIN THE "USE OF PHYSICAL FORCE" DEFINITION OF A MISDEMEANOR CRIME OF DOMESTIC VIOLENCE

The Government makes a valiant effort in revising centuries of law to argue that an offensive physical contact battery includes reckless conduct. The problem with this effort is that it is contrary to the rulings of the United States Supreme Court in two cases: *Johnson v. United States*, 130 S.Ct. 1265 (2011) and *United States v. Castleman*, 134 S.Ct. 1405 (2014). *Castleman* held[1] that Congress "classified as a 'misdemeanor crime of domestic violence' the type of conduct that supports a common-law battery conviction." *Id.* at 1410. The *Johnson* Court held that a common-law battery "consisted of the intentional application of unlawful force against the person of another." *Id.*, 130 S.Ct. at 127. If a common-law battery conviction depends on intentional conduct, then a conviction for recklessly

---

[1]Given that the defendant in *Castleman* had been convicted of intentionally and knowingly causing bodily injury, it could be argued that the Supreme Court's statements regarding the quanta of force involved in an offensive physical contact, *i.e.*, common law battery, and the level of intent necessary to sanction the minimum quanta of force, constitutes nothing more than dicta. This appears to be the Government's argument. If dicta, it is still persuasive authority.

committing an offensive physical contact does not fall within the definition of "use or attempted use of physical force." This Court reasonably read this fundamental change as to the definition of "use or attempted use of physical force" as vitiating the Court's prior

None of the cases cited by the Government conflict with the Supreme Court's construction of intentionality element of a battery. Rather, the "common law" elements relied upon by the Government apply to the definition of an assault causing bodily injury. "Causing bodily injury" constitutes the "use of force", and therefore the cases which construe such use of force to be assaults are consistent with the ruling in *Castleman*, regardless of the mental element involved.

Parsing the Maine simple assault statute to its various permutations, there are six separate offense that may be established: 1) knowingly causing bodily injury; 2) knowingly causing offensive physical contact; 3) intentionally causing bodily injury; 4) intentionally causing offensive physical contact; 5) recklessly causing bodily injury; and 6) recklessly causing offensive physical contact. *See United States v. Carter*, __ F.3d __, 2014 WL1688909, *8 (1st Cir. 2014)(Maine simple assault statute encompasses six offenses). If any one of these do not meet the definition of "use or attempted use of physical force," then Appellant's convictions are due to be vacated and the charges against them dismissed.

Pursuant to the definitions given by the Supreme Court above, the last of these, recklessly causing offensive physical contact,[2] does not share the same elements as a common-law assault or battery, and thus cannot fall within the definition Congress provided.[3]

The Government's argument goes off the tracks beginning on page 19 of its supplemental brief. In the middle of the first full paragraph on this page, it states "Incorporating a recklessness mens rea is consistent with the 'more specialized legal usage' of the phrase 'use ... of physical force' to describe the common law crime of battery. Johnson, 559 U.S. at 139-40. The crime of battery has

---

[2]If only one of the permutations does not fit the definition, this Court need not determine whether a different offense premised on reckless conduct would also fall within the ambit of the statute.

[3]The Government relies heavily on the statements of Senator Lautenberg to argue that the scope of the language "use or attempted use of physical force" includes reckless conduct. *See* Govt Supp Br at 28-29. The argument conflicts with the "strong presumption" that the plain language of the statute expresses congressional intent and is rebutted only in "rare and exceptional circumstances," *Rubin v. United States*, 449 U.S. 424, 430 (1981). It would appear strange to have the Supreme Court find that the words and legislative history mean that the common-law definition of battery had been incorporated into the definition of a misdemeanor crime of domestic violence, *see Castleman*, 134 S.Ct. at 1410, and then have the Court find that the common-law intent element of a battery offense was not also incorporated into the same language, based not on the language, but only on the legislative history. Indeed, the Supreme Court stated that it found "no indication," *id.*, that Congress meant to do anything but incorporate the common-law elements of a battery offense into § 921(a)(33)(A).

traditionally encompassed both intentional and criminally negligent or reckless *infliction of harm*."  Govt Supp Br at 19 (emphasis added).  In making this statement, the Government cites to *Commonwealth v. Hawkins*, 32 N.E. 862, 863 (Mass. 1893).  In that case, a defendant unlawfully discharged a firearm within city limits, thereby shooting the victim.  In finding that this conduct satisfied the crime of assault and battery, the *Hawkins* Court reasoned, "It is a general rule in criminal proceedings, at common law, that the defendant cannot be convicted unless a criminal intent is shown, but it is not necessary that he should have intended the particular wrong which resulted from his act. If he intends to do an unlawful and wrongful act, which is punishable because it is wrong in itself, and in doing it he inflicts an unforeseen injury, he is criminally liable for that injury." *Id.*

*Hawkins* does not advance the Government's argument, as the case recognized the common-law requirement that crimes be intentionally committed, namely, with the intent to violate the law.  *Hawkins* involved facts showing the defendant intentionally did an act he knew to be unlawful.  Recklessly causing offensive physical contact does not meet this standard, as what may be considered "offensive physical contact" may differ based on the circumstances and intent of the offender to cause offense.  Reckless offensive physical contact also does not

fall within the Model Penal Code's definition of "assault" (not "battery"), as such definition is limited to causing bodily injury. *See* Model Penal Code § 211.1(a)("A person is guilty of assault if he ... attempts to cause or purposefully, knowingly or recklessly *causes bodily injury* to another"(emphasis added)).[4]

The opinion in *United States v. Delis*, 558 F.3d 177 (2nd Cir. 2009) similarly fails to support the Government's position. The defendant in that case had been convicted of a simple assault pursuant to 18 U.S.C. § 113(a)(5). The defendant engaged in a verbal argument with a flight attendant while in flight, during which the attendant pointed her finger at the defendant. The defendant pushed away the attendant's hand in a rude or insolent manner. The defendant appealed his conviction based on the argument that he had to have the intent to injure the attendant in order to commit an "assault." The Second Circuit affirmed. It stated "that completed common-law battery, including offensive touching, falls within the definition of the term 'simple assault' as used in 18 U.S.C. § 113(a)(5). As common-law battery did not require specific intent to injure, we further conclude that conviction under § 113(a)(5) for conduct constituting common-law battery

---

[4]It is not clear that the Model Penal Code adopted the common-law definition of an assault in assembling the elements of "assault." Regardless, it does not comport with the Supreme Court's listing of the common-law elements of battery.

does not require any finding of specific intent to injure. As a result, the Magistrate Judge's finding that Delis *possessed the intent to commit an offensive touching* was entirely sufficient to support the judgment of conviction." *Id.*, 558 F.3d at 184 (emphasis added). Despite its wandering through the various iterations of assault and battery, the defendant there committed an intentional crime. Thus, *Delis* fails to support the Government's position.

This Court's decision in *United States v. Bayes*, 210 F.3d 64 (1st Cir. 2000), mirrors the Second Circuit's decision in *Delis*, in that it construed the term "simple assault" for purposes of 18 U.S.C. § 113(a)(5) to include a common-law battery. "Consistent with these principles, the common law provided that an assault committed by way of a battery did not require an intent to cause or to threaten an injury as long as the defendant touched another in a deliberately offensive manner without a valid reason to do so." *Id.* at 69. That intentional, rather than reckless or accidental contact, forms the basis of the offense flows from the Court's statement that "the jury was entitled to conclude that Bayes had groped Smoak in a way that could not have been accidental, that must have been deliberate, and that was patently offensive." *Id.* All of the cases cited by the *Bayes* court recognized the need for an intent to cause offensive physical contact where bodily injury was not at issue.

6

All of these cases are consistent with the Supreme Court's statement in *Johnson* that a common-law battery is an intentional crime. *Castleman's* statement that the language adopted by Congress evinced an intent to adopt the conduct involved in a common-law battery into the federal definition of a misdemeanor crime of domestic violence means that Congress also adopted the intentionality element of that crime. This Court has already affirmed the importance of the basis upon which the Supreme Court remanded these cases: "Based upon the Supreme Court's reasoning in *Castleman*, however, the validity of Carter's § 922(g)(9) conviction may depend on which mens-rea prong of the Maine general-purpose assault statute served as the basis for his guilty plea and conviction." *Carter*, 2014 WL at * 9. Nothing in the Government's brief should lead this Court to the opposite conclusion. As this own Court's precedent is consistent with finding that a common-law battery involves intentional conduct, which thus excludes reckless conduct, the sixth way of committing a simple assault in Maine, namely, by recklessly causing offensive physical contact, cannot be a predicate for a § 922(g)(9) conviction. As none of the appropriate

documents[5] indicate the basis for Appellants' prior misdemeanor convictions, their current federal felony convictions must be vacated.

## CONCLUSION

As Appellant's prior convictions do not constitute "misdemeanor crime[s] of domestic violence," their convictions pursuant to 18 U.S.C. § 922(g)(9) must be vacated and their cases remanded with instruction to dismiss Count One of both the Information and Indictment filed in these cases.

Dated: June 3, 2014

Respectfully submitted,

*/s/ Virginia G. Villa*
VIRGINIA G. VILLA
Assistant Federal Defender, Dist. Maine
23 Water Street, Suite 205
Bangor, ME 04401
(207) 992-4111
Virginia_Villa@fd.org
Attorney for the Appellant

---

[5]Although the Government limits its argument to the statutory challenge, it fails to limit its recitation of facts to those documents the Court can consider in making this legal determination. Reliance on extra-judicial information, as recited by the Government, is foreclosed by this Court's decision in *Carter*: "Thus, to determine which subsumed offense under Maine's assault statute formed the basis for [defendant]'s guilty plea and conviction, we look to the relevant 'approved' documents from the record of that earlier assault conviction." *Id*., 2014 WL at * 10. *See also United States v. Hines*, 2014 WL 1875164 (D.Me. 2014)(granting new trial motion in § 922(g)(9) case based on *Carter* and allowing Government to produce additional court documents related to the underlying misdemeanor conviction).

# CERTIFICATE OF COMPLIANCE WITH RULE 32(A)

RE:     ***United States v. Voisine***, No. 12-1213
        ***United States v. Armstrong***, No. 12-1216

**Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements**:

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

☒   this brief contains 1,987 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

☒   this brief has been prepared in a proportionally spaced typeface using WordPerfect X3, TimesNewRoman font, 14 point.

*/s/ Virginia G. Villa*

DATED:   June 3, 2014      _____
                          **Virginia G. Villa,**
                          Attorney for Appellant
                          Assistant Federal Defender
                          First Circuit Bar Number 124070

        I hereby certify that on June 3, 2014, I electronically filed Appellant's Reply Brief with the Clerk of Court using the CM/ECF system with will send notification of such filing to Renée M. Bunker, Assistant United States Attorney, Office of the United States Attorney, 100 Middle St., East Tower, 6th Floor, Portland, ME 04101 and I sent, via U.S.Mail, a paper copy to the above address.

                          */s/ Virginia G. Villa*
                          VIRGINIA G. VILLA
                          Assistant Federal Defender
                          Federal Defenders of Maine