**OFFICE OF THE**

# FEDERAL DEFENDER

**District of Maine, Bangor Branch**

Key Plaza-Second Floor
23 Water Street, Suite 206
Bangor, Me 04401
Phone: 207-992-4111
Fax: 207-992-9190

*In Portland:*
DAVID BENEMAN
Federal Defender

J. HILARY BILLINGS
Assistant Federal Defender

*In Bangor:*
VIRGINIA VILLA
Assistant Federal Defender

E-Mail:
Virginia.Villa@fd.org

July 14, 2014

Margaret Carter, Clerk
U.S. Court of Appeals, First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

> Re:  **USA v. Stephen Voisine and William Armstrong III**
> **First Cir. Nos.  12-1213 and 12-1216**

Dear Ms. Carter:

I am filing this letter pursuant to F.R.A.P. 28(j) to alert the Court to the following citations, which are relevant to Appellant's argument that the construction of the plain language of 18 U.S.C. § 920(a)(33) provides a definition of a "misdemeanor crime of domestic violence" to require the "use or attempted use of physical force" necessarily excludes those misdemeanors that may be premised on reckless conduct:

1.  *United States v. Carter*, 2:10cr155-GZS, 2014 WL 3345045 (July 8, 2014)(granting motion to dismiss § 922(g)(9) charge upon remand from First Circuit);

2.  *United States v. Sales*, 2:13cr137-NT (July 11, 2014)(granting renewed motion to dismiss § 922(g)(9) charge).

These decisions have been precipitated by the Supreme Court's decisions in *United States v. Castleman*, 134 S.Ct. 1405 (2014) and *Armstrong v. United States*, 134 S.Ct. 1759 (2014)(granting petition, vacating judgment and remanding to First Circuit in light of *Castleman*); as well as this Court's decision in *United States v. Carter*, 752 F.3d 8 (1st Cir. 2014).

*Carter* involves proceedings in the District Court following remand from this Court. Upon remand, the Government argued that the District Court remained bound by this Court's decision in *United States v. Booker*, 644 F.3d 12 (1st Cir. 2011) that any level of *mens rea* satisfied the "use of physical force" definition of a "misdemeanor crime of domestic violence." In rejecting this argument, the District Court recognized that *Castleman* did not directly overrule *Booker*.  *See* Carter Dist. Ct. Order at 8, *citing Carter*, 752 F.3d at 18, n.11.  The District Court then noted the two exceptions to *stare decisis* precluding an argument:  when subsequent

controlling authority undermines an earlier opinion, or when authority post-dating the original opinion "nevertheless offers a sound reason for believing that the former panel, in light of fresh developments, would change its collective mind." *Id.* The District Court found that this Court had performed such a reconsideration of *Booker* in *Carter*, which meant that *Booker* was no longer controlling law. *See* Carter Dist. Ct. Order at 9. In so doing, it reasoned as follows:

> [W]hile the statement in *Castleman* was via dictum in a footnote, "it is much more than an offhand comment. [The First Circuit] ha[s] recognized before, and today reaffirm[s], that '[c]arefully considered statements of the Supreme Court, even if technically dictum, must be accorded great weight and should be treated as authoritative.'" *Crowe v. Bolduc*, 365 F.3d 86, 92 (1st Cir. 2004)(quoting *United States v. Santana*, 6 F.3d 1, 9 (1st Cir. 1993). This Court cannot ignore the guidance of the Supreme Court and the Fist Circuit in *Castleman*, *Armstrong*, and *Carter*. Therefore, in accordance with the Court's reading these recent ruling, the Court now concludes that Carter's conviction may only stand if it was premised on more than accidental, negligent, or reckless conduct.

Carter District Court Order at 9 (alterations in original).

It then considered the appropriate documents from which it could try and determine the underlying basis for Carter's prior simple assault conviction. The only factual basis found in the plea transcript was a statement by Carter's defense attorney indicating that Carter had pushed his domestic partner on the right shoulder. *See* Carter District Court Order at 10. Based on the available information, "the Court [wa]s unable to identify the underlying offense and therefore it [wa]s possible that Carter pled to an offense with a mens rea of recklessness. Under *Castleman*, *Armstrong*, and *Carter*, such an offense cannot serve as a predicate misdemeanor crime of domestic violence under § 922(g)(9)." *Id.* at 11 (alterations added, footnote omitted).

*Sales* involved an underlying conviction from Vermont's Simple Assault-Mutual Affray statute. The plea transcript in that case establishes that the factual basis for the guilty plea involved recklessly causing bodily injury to a person during a fight or scuffle entered into by mutual consent. *See* Sales District Court Order at 2-3. Although the District Court in *Sales* granted the renewed motion to dismiss the Indictment, she did so with the understanding that "the First Circuit my decide that recklessness is sufficient in the § 922(g)(9) context," but that due to the decision in *Carter*, "it would be presumptuous for this Court to make that determination." *Id.* at 9.

Appellants have tried to avoid the danger of presumptuousness in briefing this issue to this Court. If the Court had decided that *Carter* necessarily decided that the mens rea of recklessness is insufficient to establish a § 922(g)(9) predicate, it would not have set briefing in *Armstrong* and *Voisine*. On the other hand, there are very strong indications in *Castleman* and the remand order in *Armstrong* that the term "use or attempted use of force" should be given a uniform interpretation. That such interpretation excludes reckless conduct finds support in the Supreme Court's indication that common law battery is an intentional crime. Senior Judge Singal's citation to *Bolduc* supports both the decision of the panel in *Carter* that a conviction

predicated on reckless conduct cannot constitute a § 922(g)(9) predicate, as well as the decisions in *Carter* on remand and in *Sales* to dismiss indictments predicated on prior reckless conduct convictions.

Although the District Court's order in Carter is available online, the Order in Sales is not. Counsel is attaching copies of both orders for the Court's convenience.

I certify by copy of this letter that I have served my client as well as the attorney representing the United States with a copy of this submission.

Sincerely,

/s/ *Virginia G. Villa*

VIRGINIA G. VILLA
Assistant Federal Defender


cc:     Renée Bunker, AUSA
        Stephen Voisine
        William Armstrong III

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:10-cr-00155-GZS |
| WAYNE CARTER, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER ON RENEWED MOTION TO DISMISS**

On August 26, 2011, Defendant Wayne Carter conditionally pleaded guilty to a one-count indictment of possession of a firearm following a prior conviction of a misdemeanor crime of domestic violence in violation of 18 U.S.C. §§ 922(g)(9) & 924(a).  Carter appealed his conviction to the U.S. Court of Appeals for the First Circuit, arguing that an offense with a mens rea of recklessness cannot serve as a predicate misdemeanor crime of domestic violence under § 922(g)(9).  The First Circuit vacated Carter's conviction and remanded the case for further consideration in light of the Supreme Court's recent opinion in United States v. Castleman, 134 S. Ct. 1405 (2014).  Accordingly, before the Court is Defendant Wayne Carter's Renewed Motion to Dismiss the Indictment (ECF No. 91) ("Motion to Dismiss").  For the reasons explained below, the Court GRANTS the Motion to Dismiss.

I.      **BACKGROUND**

On April 1, 1997, Carter was charged with a violation of Maine's general purpose assault statute, 17-A M.R.S.A. § 207.  The Information read:  "That on or about the 24th day of February, 1997, the City/Town of Warren, County of Knox, State of Maine, Wayne Carter did intentionally,

knowingly or recklessly cause bodily injury or offensive physical contact to Angie Eagan."[1] (Information For Violation Of 17-A M.R.S.A. § 207 ASSAULT – Class D (ECF No. 19-1; 31-1).) On that same date, Carter pleaded guilty. The state court docket reveals that the Court "ADJUDGED that the Defendant is guilty of Assault, Class D (17-A §207) as charged and convicted. Sentenced to Knox County Jail for 30 days." (Docket Sheet (ECF No. 31-1) at Page ID # 54.)

Three years later, on March 20, 2010, Carter pawned a Riger, Mini-14 Ranch Rifle, .223 caliber rifle at the Waldoboro Trading Company in Waldoboro, Maine. (Prosecution Version (ECF No. 38) at 1.) On April 16, 2010, Carter attempted to redeem the pawned firearm but was ultimately unsuccessful. (Id.) On April 30, 2010, the Bureau of Alcohol, Tobacco, Firearms and Explosives Agents interviewed Carter at his home regarding his attempted retrieval of the rifle. During the interview, Carter recalled his prior conviction. (Id.)

On September 22, 2010, Carter was charged in a one-count indictment with the knowing possession of a firearm after a previous conviction of a misdemeanor crime of domestic violence in violation of 18 U.S.C. §§ 922(g)(9) and 924(a). (Indictment (ECF No. 1).) On November 12, 2010, Carter moved to dismiss the indictment on the grounds that a conviction under Maine's general purpose assault statute, 17-A M.R.S.A. § 207, should not qualify as a predicate offense for § 922(g)(9). (Mot. To Dismiss Indictment (ECF No. 19).) Specifically, Carter argued:

> [A] conviction under the Maine assault statute, which allows for a conviction upon proof of 'recklessness' as an intent element, is not adequate as a prior conviction for violation of § 922(g)(9) because an adequate predicate 'misdemeanor crime of domestic violence' must involve an offense that requires a higher level of criminal intent than 'recklessness' to qualify as a crime of violence.

---

[1] Angie Eagan was his live-in girlfriend and the mother of his child.

(Id. at 4.)[2]  The Court denied that Motion, stating that United States v. Booker, 644 F.3d 12 (1st Cir. 2011), "serves as binding and controlling precedent for the issues presented in Defendant's Motion."  (ECF No. 35.)

On August 26, 2011, Carter conditionally pled guilty and reserved his right to appeal the Court's Order on his motion to dismiss.  He was sentenced to a prison term of twelve months and one day, and the execution of his sentence was stayed pending resolution of his appeal.  Shortly thereafter, Carter appealed his conviction, arguing that commission of a simple assault by recklessly causing offensive physical contact cannot constitute a predicate offense for purposes of 18 U.S.C. § 922(g)(9).[3]  On April 30, 2014, the U.S. Court of Appeals for the First Circuit vacated his conviction and remanded the motion to dismiss to this Court, stating:

> [T]here may be some merit to [Carter's] statutory argument in light of the Supreme Court's recent decision in United States v. Castleman, —— U.S. ——, 134 S. Ct. 1405 (2014).  Finding that the record is insufficiently developed on this issue, we vacate Carter's conviction and the district court's denial of his original motion to dismiss the indictment, and we remand the case for further proceedings consistent with this opinion.

United States v. Carter, 752 F.3d 8, 10 (1st Cir. 2014).

On remand from the First Circuit, Carter asserts that his previous conviction for simple assault was not a misdemeanor crime of domestic violence as that term is defined in 18 U.S.C.

---

[2]  Carter also argued that "the offensive touching that may support a conviction of simple assault under the Maine statute is not adequate to make out the violent force that must be shown to support the 'physical force' required in the definition of a 'misdemeanor crime of domestic violence.' 18 U.S.C. § 16 and § 922(a)(33)(A)(ii)."  (Mot. To Dismiss Indictment (ECF No. 19) at 4.)  The Supreme Court rejected this argument in United States v. Castleman, with its holding that "the requirement of 'physical force' is satisfied, for purposes of § 922(g)(9), by the degree of force that supports a common-law battery conviction."  134 S. Ct. 1405, 1413 (2014).

[3]  Carter also asserted that under the Supreme Court's decision in District of Columbia v. Heller, 554 U.S. 570 (2008), "the government failed to demonstrate a 'reasonably close fit' between the purpose of the restriction (reducing the frequency of deaths resulting from domestic violence) and the restriction itself (in his words, 'permanently dispossessing non-violent domestic misdemeanants of their Second Amendment rights')."  United States v. Carter, 752 F.3d 8, 10 (1st Cir. 2014).  Finally, Carter argued that he was entitled to a lesser sentence under the relevant sentencing guideline because he possessed the firearm solely for lawful sporting purposes.  Id.  The First Circuit dismissed Carter's Constitutional argument and did not reach his sentencing claim.  See id. at 13, 21.

§ 921(a)(3) in light of <u>United States v. Castleman</u>, 134 S. Ct. 1405 (2014).  Carter therefore asserts that his Indictment must be dismissed.

## II.    DISCUSSION

Carter was charged with violating 18 U.S.C. § 922(g)(9), commonly known as the Lautenberg Amendment to the Gun Control Act of 1968.  The Lautenberg Amendment makes it unlawful for any person "who has been convicted in any court of a misdemeanor crime of domestic violence, to . . . possess . . . any firearm or ammunition[.]"  <u>Id.</u>  A misdemeanor crime of domestic violence is defined as

> an offense that (1) is a misdemeanor under Federal, State, or Tribal law; and (2) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

18 U.S.C. § 921(a)(33).

In this case, Carter's prior conviction was under Maine's general purpose assault statute, 17-A M.R.S.A. § 207, which provides that:  "A person is guilty of assault if [] [t]he person intentionally, knowingly or recklessly causes bodily injury or offensive physical contact to another person."  On appeal to the First Circuit, Carter argued that the "use of force" required for a misdemeanor crime of domestic violence under § 922(g)(9) requires more than reckless conduct permitted for a conviction under Maine's 17-A M.R.S.A. § 207.

Prior to the Supreme Court's opinion in <u>United States v. Castleman</u> and the First Circuit's opinion in this case, the First Circuit had at least twice explicitly rejected Carter's argument.  First, in <u>United States v. Booker</u>, two defendants argued that only an intentional offense could qualify as a misdemeanor crime of domestic violence under § 922(g)(9), and, accordingly, that a

4

conviction under Maine's assault statute, which may be violated intentionally, knowingly, or recklessly, cannot serve as a predicate conviction.  644 F.3d at 13.  The First Circuit held that "the statutory definition of 'misdemeanor crime of domestic violence' does not prescribe an intentional mens rea.  We therefore hold that an offense with a mens rea of recklessness may qualify as a 'misdemeanor crime of domestic violence' under § 922(g)(9)."  Id. at 21.

Subsequent to United States v. Booker, in United States v. Armstrong, the First Circuit reiterated its holding in United States v. Booker that "an offense with a mens rea of recklessness may qualify as a 'misdemeanor crime of domestic violence' under § 922(g)(9)" and also held that a conviction for a non-violent, offensive touching could constitute a predicate offense for § 922(g)(9).  United States v. Armstrong, 706 F.3d 1, 4 (1st Cir. 2013) cert. granted, judgment vacated, 134 S. Ct. 1759 (2014); see also United States v. Nason, 269 F.3d 10, 22 (2001)(holding that "all convictions under Maine's general-purpose assault statute, [17-A M.R.S.A. § 207(1)], necessarily involve, as a formal element, the use of physical force.").

On March 26, 2014, after Carter's case before the First Circuit was fully briefed, the Supreme Court issued its opinion in United States v. Castleman, 134 S. Ct. 1405 (2014).  In 2001, the respondent, James Alvin Castleman, pleaded guilty in a Tennessee court to having "intentionally or knowingly cause[d] bodily injury to" the mother of his child.  Id. at 1408.  In 2008, Castleman was indicted by a federal grand jury with two counts of violating § 922(g)(9).  Castleman moved to dismiss the indictment arguing that the underlying conviction was not a misdemeanor crime of domestic violence because "it did not have, as an element, the use of physical force."  Id. at 1409 (internal quotations and punctuation omitted).  The District Court granted the motion to dismiss reasoning that "the 'use of physical force' for § 922(g)(9) purposes must entail violent contact with the victim."  Id. (internal quotations and punctuation omitted).  A

divided panel of the Sixth Circuit affirmed on different grounds.  "The majority held that the degree of physical force required by § 921(a)(33)(A)(ii) is the same as required by § 924(e)(2)(B)(i), which defines 'violent felony.'"  Id.  The Supreme Court granted certiorari to resolve a split among the U.S. Courts of Appeals as to the degree of physical force required for an act to constitute a misdemeanor crime of domestic violence.

In United States v. Castleman, the Supreme Court held that "Congress incorporated the common-law meaning of 'force' – namely, offensive touching – in § 921(a)(33)(A)'s definition of a 'misdemeanor crime of domestic violence.'"  134 S. Ct. at 1410.  The Court reasoned that unlike in Johnson v. United States, 559 U.S. 133 (2010), where the Court considered whether a battery was a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), in the domestic violence context, the common law meaning of "force" fit perfectly.  134 S. Ct. at 1410-12.  Accordingly, under § 922(g), the requirement of physical force is satisfied by the degree of force that supports a common law battery – the slightest offensive touching.  Id. at 1410.

The Supreme Court then turned its analysis to whether Castleman's conviction qualified as a misdemeanor crime of domestic violence.  First, the Court utilized the "categorical approach" to determine whether Castleman's conviction necessarily involved "the use or attempted use of physical force, or the threatened use of a deadly weapon."  § 922(a)(33)(A).  The Tennessee statute under which Castleman was convicted defined three types of assault:   "(1) [i]ntentionally, knowingly or recklessly caus[ing] bodily injury to another; (2) [i]ntentionally or knowingly caus[ing] another to reasonably fear imminent bodily injury; or (3) [i]ntentionally or knowingly caus[ing] physical contact with another" in a manner that a "reasonable person would regard . . . as extremely offensive or provocative."  Id. at 1413 (quoting Tenn. Code Ann. § 39-13-101(a).)  Significantly, at this point in its analysis, the Supreme Court stated that not every assault under the

Tennessee statute necessarily involved "the use or attempted use of physical force, or threatened use of a deadly weapon." Id. at 1413-14.  Specifically, "the merely reckless causation of bodily injury under § 39 – 13 – 101(1) may not be a 'use' of force."  Id. at 1414.  In a footnote, the Supreme Court raised the central issue of Carter's argument.  The Court stated:

> We held in [Leocal v. Ashcroft, 543 U.S. 1 (2004)] that "'use' requires active employment," rather "than negligent or merely accidental conduct." 543 U.S. at 9. Although Leocal reserved the question whether a reckless application of force could constitute a "use" of force, id. at 13, the Courts of Appeals have almost uniformly held that recklessness is not sufficient.  See United States v. Palomino Garcia, 606 F.3d 1317, 1335–1336 (11th Cir. 2010); Jimenez-Gonzalez v. Mukasey, 548 F.3d 557, 560 (7th Cir. 2008); United States v. Zuniga–Soto, 527 F.3d 1110, 1124 (10th Cir. 2008); United States v. Torres-Villalobos, 487 F.3d 607, 615-16 (8th Cir. 2007); United States v. Portela, 469 F.3d 496, 499 (6th Cir. 2006); Fernandez-Ruiz v. Gonzales, 466 F.3d 1121, 1127-32 (9th Cir. 2006) (en banc); Garcia v. Gonzales, 455 F.3d 465, 468-69 (4th Cir. 2006); Oyebanji v. Gonzales, 418 F.3d 260, 263-65 (3rd Cir. 2005) (Alito, J.); Jobson v. Ashcroft, 326 F.3d 367, 373 (2nd Cir. 2003); United States v. Chapa-Garza, 243 F.3d 921, 926 (5th Cir. 2001).  But see United States v. Booker, 644 F.3d 12, 19-20 (1st Cir. 2011) (noting that the First Circuit had not resolved the recklessness issue under Leocal, but declining to extend Leocal's analysis to § 922(g)(9)).

Castleman, 134 S. Ct. at 1414 n.8.  After noting that reckless conduct may not be a "use" of force, the Supreme Court declined to determine whether the Tennessee statute could categorically qualify as a misdemeanor crime of domestic violence because both sides agreed that the statute was divisible, which allowed the Court to apply the modified categorical approach.  Id. at 1414.

Turning to Castleman's indictment, the Court determined that Castleman pled guilty to having "intentionally or knowingly cause[d] bodily injury" to the mother of his child and that "the knowing or intentional causation of bodily injury necessarily involves the use of physical force." Id.  The Supreme Court held that Castleman's conviction therefore qualified as a misdemeanor crime of domestic violence.  Id. at 1416.

After the Supreme Court issued its opinion in United States v. Castleman, the Supreme Court vacated the judgment in United States v. Armstrong and remanded the case to the First

Circuit for further consideration in light of United States v. Castleman.  Armstrong v. United
States, 134 S. Ct. 1759 (2014).  As another judge in this Court has previously stated:

> Reading Supreme Court tea leaves is chancy, but the First Circuit decision in
> Armstrong[] was consistent with Castleman except for the Circuit Court's brief
> recklessness analysis.  It is a short logical step to conclude that the reason the
> Supreme Court vacated the First Circuit decision in Armstrong[] was to pull the
> First Circuit in line with the other ten circuit courts in the recklessness analysis.

United States v. Hines, 1:12-CR-00204-JAW, 2014 WL 1875164 at *8 (D. Me. May 9, 2014).

    Shortly after the Supreme Court issued its opinion in United States v. Castleman and
vacated Armstrong, the First Circuit issued its opinion in this case.  After reviewing the factual
and procedural background, the First Circuit turned its attention to assessing the impact of United
States v. Castleman and Armstrong on Carter's argument.  The First Circuit acknowledged that
United States v. Castleman "casts doubt" on the First Circuit's United States v. Booker holding
that "a prior 'offense with a mens rea of recklessness' may support a conviction under § 922(g)(9)."
Carter, 752 F.3d at 18 (citing Booker, 644 F.3d at 21).  Accordingly, "the validity of Carter's
§ 922(g)(9) conviction may depend on which mens-rea prong of the Maine general-purpose assault
statute served as the basis for his guilty plea and conviction."  Id.

    In a footnote, the First Circuit acknowledged that United States v. Castleman does not
directly overrule United States v. Booker.  Carter, 752 F.3d at 18 n.11.  The Government, in
opposing Carter's Motion to Dismiss, strongly argues that United States v. Booker remains good
law and that this Court is bound to adhere to United States v. Booker and its progeny until they are
expressly overruled.  (Government's Objection To Def.'s Renewed Mot. To Dismiss The
Indictment (ECF No. 94) ("Gov't Objection") at 2-3.)  In Carter, the First Circuit acknowledged
that stare decisis would normally bind the court to its earlier rulings, but then stated two exceptions
to the rule.

> First, we may depart from an existing panel decision when subsequent controlling authority – such as a Supreme Court opinion, First Circuit en banc opinion, or a new statute – undermines our earlier opinion.  Second, there is a limited exception that permits one panel to overrule another in those relatively rare instances in which authority that postdates the original decision, although not directly controlling, nevertheless offers a sound reason for believing that the former panel, in light of fresh developments, would change its collective mind.

Carter, 752 F.3d at 18 n.11 (internal citations and quotations omitted).  The First Circuit then stated:

> The Supreme Court's statements in Castleman – that "the merely reckless causation of bodily injury . . . may not be a 'use' of force," Castleman, 134 S. Ct. at 1414, and that "the Courts of Appeals have almost uniformly held that recklessness is not sufficient" to "constitute a 'use' of force," id. at 1414 n. 8 – provide a "'sound reason'" for thinking that the Booker panel might well "'change its collective mind'" in light of Castleman.

Id.  Further, while the statement in Castleman was via dictum in a footnote, "it is much more than an offhand comment.  [The First Circuit] ha[s] recognized before, and today reaffirm[s], that '[c]arefully considered statements of the Supreme Court, even if technically dictum, must be accorded great weight and should be treated as authoritative.'" Crowe v. Bolduc, 365 F.3d 86, 92 (1st Cir. 2004) (quoting United States v. Santana, 6 F.3d 1, 9 (1st Cir. 1993)).  This Court cannot ignore the guidance of the Supreme Court and the First Circuit in Castleman, Armstrong and Carter.  Therefore, in accordance with the Court's reading these recent rulings, the Court now concludes that Carter's conviction may only stand if it was premised on more than accidental, negligent or reckless conduct.

To determine which mens rea prong served as the basis of Carter's guilty plea, the Court utilizes the modified categorical approach.  See Carter, 752 F.3d at 17-18.  Under this approach, the Court must first identify the offense to which Carter pled guilty.  See id.  To do this the Court may consider approved documents under Shepard v. United States, 544 U.S. 13 (2005), which consist of "the trial record – including charging documents, plea agreements, transcripts of plea

9

colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms." Id. at 19 (internal citations and quotations omitted). Because Carter entered a guilty plea, the approved "Shepard" documents will consist of "mainly of the charging document, written plea agreement, and transcript of the change-of-plea colloquy." Id. (internal citation omitted). The Court may not make an independent inquiry into the facts underlying the state court plea and is therefore not permitted to consider the underlying police report. Id. at 19-20. The record before the First Circuit was limited to the "the Information dated April 1, 1997; a docket sheet pertaining to the case, which includes certain minutes of the proceedings before the Maine state court and the court's judgment; and the Knox County Sheriff's Department incident report, including the arresting officer's narrative and the victim's statement." Id. at 20. As before the First Circuit, the incident report, the arresting officer's narrative and the victim's statement are not permissible documents for the Court to consider. The First Circuit remanded this case to allow the Government and the Defense to further develop, if possible, the record on this issue. Id. at 21.

The only additional material proffered before this Court consists of the transcript of Defendant's plea colloquy in the Knox County Superior Court on April 1, 1997. (See Exhibit 1 to Government's Objection (ECF No. 94-1) at Page ID # 289.) Within that transcript is a single statement by Carter's attorney at the plea colloquy that provides background into the underlying offense. Carter's attorney stated: "[T]he discovery shows that this was no more than a push on the right shoulder, that it was nothing more serious than that[.]" (Id.) This statement is insufficient to determine which mens rea served as the basis of Carter's guilty plea. Reviewing all of the proper Shepard documents currently before the Court, the Court is unable to identify the offense of Carter's conviction. Where the Court is unable to "identify the offense of conviction . . . the conviction may only serve as a predicate offense if each of the possible offenses of conviction

would qualify as" a misdemeanor crime of domestic violence under § 922(g)(9). <u>See</u> <u>United States</u> <u>v. Holloway</u>, 630 F.3d 252, 257 (1st Cir. 2011). Here, the Court is unable to identify the underlying offense, and, therefore it is possible that Carter pled to an offense with a mens rea of recklessness. Under <u>Castleman</u>, <u>Armstrong</u>, and <u>Carter</u>, such an offense cannot serve as a predicate misdemeanor crime of domestic violence under § 922(g)(9).[4]

In short, on the record presented, Carter's 1997 assault conviction cannot serve as a predicate misdemeanor crime of domestic violence under § 922(g)(9). Therefore, Carter's Motion to Dismiss The Indictment (ECF No. 91) is GRANTED.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 8th day of July, 2014.

---

[4] Notably, on remand the Government does not seriously argue that the offense to which Carter pled guilty is identifiable. (Gov' Objection at 2 n.2.) Instead, the Government urges this Court to find that <u>Booker</u> remains good law and that an offense with a mens rea of recklessness can serve as a predicate offense. The Court finds that <u>Castleman</u>, <u>Armstrong</u>, and <u>Carter</u> are determinative, controlling law that reject the Government's argument.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   Criminal no. 2:13-cr-137-NT |
| | ) |
| KENNETH SALES, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S MOTION TO RECONSIDER

Kenneth Sales moves this Court to reconsider a January 9, 2014 order denying his motion to dismiss the indictment. (ECF No. 73). The one-count indictment, returned on July 23, 2013, charges Sales under 18 U.S.C. § 922(g)(9) with possession of a firearm by an individual convicted of a misdemeanor crime of domestic violence. The Defendant asserts that his prior conviction under a Vermont simple assault statute does not qualify as a "misdemeanor crime of domestic violence" under 18 U.S.C. § 922(g)(9). This Court previously held, under *United States v. Booker*, 644 F.3d 12 (1st Cir. 2011), that Sales's conviction for recklessly inflicting bodily injury on his girlfriend was a misdemeanor crime of domestic violence. Order on Def.s' Mot. to Dismiss Indictment. (ECF No. 56).

Sales requests that the Court reconsider its decision in light of three recent cases: the Supreme Court's opinion in *United States v. Castleman*, 134 S. Ct. 1405 (2014), the Supreme Court's remand order in *Armstrong v. United States*, 134 S.Ct. 1759 (2014), and the First Circuit's opinion in *United States v. Carter*, 752 F. 3d 8

(1st Cir. 2014). The Defendant contends that, in light of these decisions, the Court should dismiss the indictment against him.

## BACKGROUND

### I.   The Underlying State Conviction

On December 16, 2010, at a change of plea hearing, Kenneth Sales pled guilty to one count of "ASSAULT–SIMPLE—MUTUAL AFFRAY" under 13 Vt. Stat. Ann. tit. 13, § 1023. Exh. 1 to Def's Mot. to Dismiss 5 (ECF No. 28-1).  Count one stated: "Kenneth Sales, in this Territorial Unit, in the County of Bennington, at Arlington, on or about October 17, 2010 . . . engaged in a fight or scuffle entered into by mutual consent." Exh. 2 to Gov't's Opp'n to Def.'s Mot. to Dismiss (ECF No. 31-2).

Vermont's simple assault statute states:

(a) A person is guilty of simple assault if he or she:
   (1) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or
   (2) negligently causes bodily injury to another with a deadly weapon; or
   (3) attempts by physical menace to put another in fear of imminent serious bodily injury.
(b) A person who is convicted of simple assault shall be imprisoned for not more than one year or fined not more than $1,000.00, or both, unless the offense is committed in a fight or scuffle entered into by mutual consent, in which case a person convicted of simple assault shall be imprisoned not more than 60 days or fined not more than $500.00 or both.

Vt. Stat. Ann. tit.13, § 1023.

As part of his December 16, 2010 plea colloquy, the Vermont Superior Court judge explained:

Mr. Sales, you now have an amended charge, that on or about October 17th, you recklessly caused bodily injury to a person, and that it was in

2

a fight or scuffle entered into by mutual consent. Penalty of up to 60 days in jail or a $500 fine. The basis for this as I understand it is that you would be admitting that there was a physical altercation between you and Ms. Goddard . . . and that in the course of it you at least recklessly . . . caused bodily injury to her, being . . . a scratch or a sort of cut that she received. Bodily injury is any sort of injury, it doesn't have to be a broken bone or anything like that, it can be a bruise, a cut, kind of anything that hurts. . . . [R]ecklessly means you did not have to intend a particular result, but you engaged in conduct that was not what a reasonable person would do in these circumstances, and had a very high risk that the result would happen. So obviously engaging in a fight or scuffle would qualify as that. . . . [F]ight or scuffle is pretty much what you'd think it would mean. . . . [M]utual consent just means that the two of you sort of engaged in the fight or scuffle, rather than one person . . . solely.

Sales then acknowledged that he understood the amended charge and pleaded guilty to it. Exh. 4 to Gov't's Opp'n to Def.'s Mot. to Dismiss 1 (ECF No. 31-4).

Based on the foregoing, this Court previously concluded that the Defendant "admitted to engaging in a physical altercation in which he recklessly caused his girlfriend bodily injury" and "was convicted of simple assault of the § 1023(a)(1) variety." *United States v. Sales*, 2:13-CR-137-NT, 2014 WL 103813, *4 (D. Me. Jan. 9, 2014).

## II.    The Pending Federal Charge

Sales was charged with a violation of 18 U.S.C. § 922(g)(9), sometimes referred to as the Lautenberg Amendment to the Gun Control Act of 1968. The indictment alleges that, on about May 6, 2013, Sales knowingly possessed a .45 caliber pistol after having been convicted of a misdemeanor crime of domestic violence, specifically his December 16, 2010 conviction from Vermont. Section 922(g)(9) prohibits a person "who has been convicted in any court of a misdemeanor crime of domestic violence"

from "possess[ing] in or affecting commerce, any firearm or ammunition . . . ."18 U.S.C. § 922(g)(9). Section 921 defines "misdemeanor crime of domestic violence" as an offense that:

(i) is a misdemeanor under Federal, State, or Tribal law; and

(ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim[.]

18 U.S.C. § 921(a)(33)(A).

On January 27, 2014, the Defendant tendered a conditional plea of guilty to the indictment, reserving the right to have an appellate court review this Court's decision denying his motion to dismiss the indictment.

## DISCUSSION

The question at hand is whether a conviction for recklessly causing bodily injury to another under Vermont's assault statute is a misdemeanor crime of domestic violence under § 922(g)(9). Specifically at issue is whether the reckless variant of Vt. Stat. Ann. tit.13, § 1023(a) has "as an element, the use . . . of physical force." 18 U.S.C. § 921(a)(33)(A).

### The Cases

The contours of what constitutes a misdemeanor crime of domestic violence have been shaped by a number of First Circuit cases that have dealt with the Maine

assault statute.[1] In *United States v. Nason,* 269 F.3d 10 (1st Cir. 2001), the First Circuit held that the "offensive physical contact" variant of Maine's assault statute satisfies the use of force requirement under § 921(a)(33)(A) and thus can qualify as a misdemeanor crime of domestic violence. *Id.* at 21. In *United States v. Booker,* 644 F.3d 12 (1st Cir. 2011), the First Circuit held that "an offense with a mens rea of recklessness may qualify as a 'misdemeanor crime of domestic violence' under 922(g)(9)." *Id.* at 21. In *United States v. Armstrong,* 706 F.3d 1 (1st Cir. 2013), *cert. granted, judgment vacated,* 134 S. Ct. 1759 (2014), the defendant was convicted of "intentionally, knowingly or recklessly caus[ing] bodily injury or offensive physical contact" to his wife. *Armstrong,* 706 F.3d at 3. The First Circuit, relying on *Nason* and *Booker,* affirmed Armstrong's § 922(g)(9) conviction. *United States v. Armstrong,* 706 F.3d 1 (1st Cir. 2013),

On March 26, 2014, the Supreme Court issued *United States v. Castleman,* 134 S.Ct. 1405 (2014), in which it held that "the requirement of 'physical force' is satisfied,

---

[1]    Maine's simple assault statute provides: "A person is guilty of assault if . . . the person intentionally, knowingly, or recklessly causes bodily injury or offensive physical contact to another person." Me. Rev. Stat. tit. 17-A, § 207(1)(A).

   Generally, to determine whether a state offense qualifies as a predicate offense, courts use a categorical approach, which necessitates "an assessment of 'the elements of the statute of conviction'" rather than the actual facts of the defendant's conduct. *United States v. Fish,* No. 12-1791, 2014 WL 715785 * 3 (1st Cir. Feb. 26, 2014) (quoting *Taylor v. United States,* 495 U.S. 575, 601 (1990)). Because, however, the Maine assault statute "'sets out one or more elements of the offense in the alternative,'" it is considered a divisible statute, which allows a different analysis known as the "modified" categorical approach. *United States v. Carter,* 752 F.3d at 17 (quoting *Descamps v. United States,* 133 S.Ct. 2276, 2281-82 (2013)).  Under the modified categorical approach, a court is "permitted to 'consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction.'" *Fish,* 2014 WL 715785 *3 (quoting *Descamps,* 133 S.Ct. at 2281-82; citing *Shepard v. United States,* 544 U.S. 13, 17, 26 (2005)).  Reference to the so-called *Shepard* documents allows the court to consider "the narrower subset of elements that actually gave rise to the convictions." *Fish,* 2014 WL 715785 *3.

for purposes of § 922(g)(9), by the degree of force that supports a common-law battery conviction," that is, "even the slightest offensive touching." *Id.* at 1413 and 1410. Because Castleman was charged with intentionally or knowingly causing bodily injury to the victim, *see Castleman,* 134 S. Ct. at 1408, the Supreme Court did not need to address whether a recklessly-caused bodily injury would suffice to meet the definition of a misdemeanor crime of domestic violence. On that point, the *Castleman* court observed that "the merely reckless causation of bodily injury . . . may not be a 'use' of force." *Id.* at 1414. The Court noted that *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004),[2] held that "use" requires active employment "rather than negligent or merely accidental conduct." *Castleman*, 134 S. Ct. at 1414 n. 8. The Supreme Court also pointed out that *Booker* is out of step with other circuit courts that have held that recklessness is not sufficient to constitute a "use" of force. *Id.*[3]

---

[2]     In *Leocal,* the Supreme Court held that a driving under the influence of alcohol conviction does not constitute an "aggravated felony" under the Immigration and Nationality Act (INA). 8 U.S.C. § 1227(a)(2)(A)(iii). The INA defines the term "aggravated felony" to include a "crime of violence" as defined under 18 U.S.C. § 16, which, in turn, refers to "an offense that has as an element the use, attempted use, or threatened use of physical force . . . ." 18 U.S.C. § 16. The Supreme Court concluded that the term "'use . . . of physical force against the person or property of another'—most naturally suggests a higher degree of intent than negligent or merely accidental conduct." *Leocal,* 543 U.S. at 11. The *Leocal* Court took pains to point out that the "case does not present us with the question whether a state or federal offense that requires proof of the *reckless* use of force against a person or property of another qualifies as a crime of violence under 18 U.S.C. § 16." *Id.* at 13 (emphasis in original).

[3]     Of the cases cited by the Supreme Court, none involved the application of § 922(g)(9). Most addressed whether prior felonies, committed recklessly, could constitute crimes of violence sufficient either to trigger a sixteen point enhancement under the sentencing guidelines for people charged with immigration offenses or to serve as "aggravated felonies" for the purposes of deportation. *See United States v. Palomino Garcia*, 606 F.3d 1317, 1335–1336 (11th Cir. 2010) (felony aggravated assault committed recklessly lacked use of force as required for sentencing guidelines); *Jimenez–Gonzalez v. Mukasey*, 548 F.3d 557, 560 (7th Cir. 2008) (felony criminal recklessness not an aggravated felony warranting removal); *United States v. Zuniga–Soto*, 527 F.3d 1110, 1124 (10th Cir. 2008) (felony reckless assault of a public servant not a crime of violence for sentencing guidelines); *United States v. Torres–Villalobos*, 487 F.3d 607, 615–616 (8th Cir. 2007) (second-degree manslaughter conviction not an aggravated felony for sentencing purposes); *United States v. Portela*, 469 F.3d 496, 499 (6th Cir. 2006) (felony reckless vehicular assault not a felony crime of violence for sentencing guidelines); *Garcia*

Five days after it decided *Castleman,* the Supreme Court vacated the First Circuit's judgment in *Armstrong*, "for further consideration in light of *United States v. Castleman* . . . ." *Armstrong v. United States,* 134 S. Ct. 1759 (2014). *Castleman* supports *Armstrong's* holding that offensive touching is sufficient to satisfy the definition of "use of physical force." Therefore, the Supreme Court's remand of *Armstrong* "in light of *Castleman*" is fairly construed as a directive to the First Circuit to reconsider whether an assault committed recklessly is sufficient to meet the federal definition of a misdemeanor crime of domestic violence.

On April 30, 2014, before the First Circuit had reconsidered *Armstrong,* it issued an opinion remanding *United States v. Carter*, 752 F. 3d 8 (1st Cir. 2014) to the district court.[4] *Carter* also involved an undifferentiated Maine assault conviction. In *Carter*, the First Circuit acknowledged that "*Castleman* casts doubt" on *Booker's* holding that a misdemeanor crime of domestic violence encompasses assault committed recklessly. *Carter*, 752 F.3d at 18. Rather than expressly overrule *Booker,*

---

*v. Gonzales*, 455 F.3d 465, 468–469 (4th Cir. 2006) (reckless assault in the second-degree not an aggravated felony warranting removal); *Oyebanji v. Gonzales*, 418 F.3d 260, 263–265 (3d Cir. 2005) (ALITO, J.) (conviction for reckless vehicular homicide not an aggravated felony warranting removal); *Jobson v. Ashcroft*, 326 F.3d 367, 373 (2d Cir. 2003) (second-degree manslaughter not an aggravated felony warranting removal); *United States v. Chapa–Garza*, 243 F.3d 921, 926 (5th Cir. 2001) (conviction for driving while intoxicated not an aggravated felony warranting removal); *cf. Fernandez–Ruiz v. Gonzales*, 466 F.3d 1121, 1127–1132 (C.A.9 2006) (en banc) (reckless misdemeanor domestic violence conviction not a crime of violence warranting removal).

[4]      By the time *Castleman* was decided, *Carter* had already been fully briefed. The Defendant submitted a citation of supplemental authorities pursuant to Federal Rule of Appellate Procedure 28(j) calling the First Circuit's attention to *Castleman*. *United States v. Carter,* CA No. 12-1499, (Document: 00116666144) Letter from J. Hilary Billings, Ass't. Federal Public Defender to Margaret Carter, Clerk, U.S. Court of Appeals for the First Circuit (Mar. 26, 2014). The Government responded with its own letter also calling the First Circuit's attention to the remand of *Armstrong*. *United States v. Carter,* CA No. 12-1499, (Document: 00116669158) Letter from Renee M. Bunker, Ass't U.S. Attorney to Margaret Cater, Clerk, U.S. Court of Appeals for the First Circuit (Apr. 2, 2014).

the First Circuit remanded *Carter* to determine which mens rea prong of the Maine assault statute served as the basis for Carter's conviction.

The order remanding the case directed the district court to conduct "further proceedings consistent with this opinion and in light of the Supreme Court's opinion in *Castleman* and its vacation of our judgment in *Armstrong*." *Carter,* 752 F.3d at 21 (citations omitted). Upon remand, Judge Singal concluded that the "guidance of the Supreme Court and the First Circuit in *Castleman*, *Armstrong* and *Carter*" was clear enough for him to conclude that a § 922(g)(9) "conviction may only stand if it was premised on more than accidental, negligent or reckless conduct." *United States v. Carter,* No. 2:10-CR-00155-GZS, slip op. at 9 (D. Me. July 8, 2014).

In *United States v. Hines*, 1:12-CR-204-JAW, 2014 WL 1875164 (D. Me. May 9, 2014), Judge Woodcock addressed a post-*Castleman* challenge to the use of a Maine assault conviction as a predicate offense under § 922(g)(9), and he also concluded: "based on *Castleman*, *Armstrong* and *Carter*, . . . it is so questionable whether a conviction for domestic assault under 17-A M.R.S. § 207-A(1)(A) – without more – may operate as a predicate conviction under § 922(g)(9), that this Court must grant Mr. Hines a new trial." *Hines,* 2014 WL 1875164 * 9.

### 2.    Analysis of the Instant Case

The Vermont simple assault statute applicable here proscribes "purposely, knowingly or recklessly caus[ing] bodily injury . . . ." 13 V.S.A. § 1023(a)(1). It is clear from the *Shepard*-approved documents in this case that the Defendant was convicted under the "reckless" prong of this statute. The Government does not argue otherwise.

8

The Government contends that the First Circuit has not overturned *Booker* and that this Court cannot reach a conclusion contrary to *Booker's* holding that reckless conduct is a "use of force" for purposes of § 922(g)(9). As the Government points out, "[u]ntil a court of appeals revokes a binding precedent, a district court within the circuit is hard put to ignore that precedent unless it has been cast into disrepute by supervening authority." *Eulitt v. Me. Dep't of Educ.*, 386 F.3d 344, 349 (1st Cir. 2004). But as both Judges Woodcock and Singal have determined, the lower courts "cannot ignore the guidance of the Supreme Court and the First Circuit in *Castleman*, *Armstrong* and *Carter*." *United States v. Carter*, No. 2:10-CR-00155 (D. Me., July 8, 2014) (ECF No. 98). While "[r]eading Supreme Court tea leaves is chancy," *Hines*, 1:12-CR-00204-JAW, 2014 WL 1857164 at *8, it is hard to miss the message here. Upon closer scrutiny, the First Circuit may decide that recklessness is sufficient in the § 922(g)(9) context,[5] but given the writing on the wall in *Carter*, it would be presumptuous for this Court to make that determination.

---

[5]    The cases cited by the Supreme Court in footnote eight of *Castleman* all arise out of the immigration context and can thus be distinguished. By the logic of *Castleman* and its use of the legislative history, it is possible that *Booker* could survive. *See Castleman*, 134 S. Ct. at 1411 ("because perpetrators of domestic violence are 'routinely prosecuted under generally applicable assault or battery laws,' it makes sense for Congress to have classified as a 'misdemeanor crime of domestic violence' the type of conduct that supports a common-law battery conviction." (quoting *United States v. Hayes*, 555 U.S. 415, 427 (2009)).

## CONCLUSION

For the above-stated reasons, the Defendant's Motion for Reconsideration is **GRANTED** and the indictment is **DISMISSED**.

SO ORDERED.

/s/ Nancy Torresen
_____
United States District Judge

Dated this 11th day of July, 2014.

10