

**U.S. Department of Justice**

*United States Attorney*
*District of Maine*

*100 Middle Street*
*6th Floor, East Tower*
*Portland, ME 04101*

*(207) 780-3257*
*TTY (207) 780-3060*
*Fax (207) 780-3304*
*www.usdoj.gov/usao/me*

July 21, 2014

Margaret Carter, Clerk
U.S. Court of Appeals for the First Circuit
One Courthouse Way, Ste. 2500
Boston, MA 02210

Re: United States v. Voisine, CA No. 12-1213; United States v. William Armstrong, CA No. 12-1216

Dear Ms. Carter:

Pursuant to Fed.R.App.P. 28(j), the Government submits this response to Appellants' letter, the body of which contains approximately 873 words (Rule 28(j) authorizes 350), directing the Court's attention to two district court decisions.[1]

In United States v. Castleman, 134 S.Ct. 1405, 1408-10 (2014), the Court held that a conviction for intentionally or knowingly causing bodily injury qualified as a misdemeanor crime of domestic violence (MCDV) for purposes of 18 U.S.C. §922(g)(9) even if committed by a slight, offensive touching. Castleman explained that §921(a)(33)'s definition of physical force was satisfied by the degree of force that supports a common-law battery conviction. Id. at 1413. The Court did not decide whether a recklessness *mens rea* was also encompassed within that definition. Id. at 1414. Nor did the Court overrule United States v. Booker, 644 F.3d 12 (1st Cir. 2011). Rather, after making clear that §§922(g)(9) and 921(a)(33) were not to be interpreted in the same manner as other statutes employing similar or identical language, id. at 1410-12 & n.4 & n.6, the Court noted that circuit courts had almost uniformly held that a recklessness *mens rea* did not constitute "use" of force. Id. at 1414 n.8. Of the 10 opinions cited in n.8, the only one addressing §922(g)(9) was Booker. The Court subsequently remanded these cases for further consideration in light of Castleman. Armstrong, 134 S.Ct. 1759 (2014).

A three-judge panel in United States v. Carter, 752 F.3d 8, 18 (1st Cir. 2014), stated that Castleman "casts doubt upon" Booker's *mens-rea* holding. The panel noted that Castleman "might well" lead the "Booker panel" to "change its collective mind" on the *mens-rea* issue. Id. at n.11. Carter, however, did not overrule Booker. Id. The panel remanded the case for supplementation of the record with state court documents that might demonstrate under which

1Appellants' letter is cited as "Letter:[pg#]" and the addendum (district court decisions) as "LetterAdd:[pg#]." (Citations are to the page numbers at the bottom of the decisions.) Given the length of Appellants' letter, this response, too, is over 350 words.

prong of Maine's statute Carter was convicted and for further proceedings in light of Castleman and Armstrong. Id. at 19-21.

On remand, contrary to Appellants' assertion (Letter:1), the Government did not argue "that any level of *mens rea*" satisfied Congress's definition of MCDV. The Government lodged the same arguments in the district court on remand that are pending in supplemental briefing in these cases, and argued that the court remained bound by Booker.

Appellants have submitted the district court's order granting Carter's renewed motion to dismiss the indictment. LetterAdd:1-11. With all due respect, the court's analysis of the reasoning of Castleman constituted one paragraph of its 11-page order. LetterAdd:6. The court then highlighted Castleman's n.8 with zero analysis regarding the nature of the cases cited therein (LetterAdd:7) and no acknowledgment of Castleman's rulings that §922(g)(9)'s definitional scope is broader than that of similar and even identical language in other statutes addressed in the n.8 cases. Contrary to Appellants' assertion, neither Castleman nor the Armstrong remand provide "very strong indications" that Congress meant "use of physical force" to have "a uniform interpretation" across all statutes. Letter:2. Castleman's reasoning leads to the opposition conclusion.

Appellants highlight the lower court's reliance upon Crow v. Bolduc, 365 F.3d 86 (1st Cir. 2004)(Letter:2) as a reason for concluding that Castleman's dictum in n.8 is controlling. LetterAdd:9. But Bolduc bolsters the Government's argument below that it is this Court, not a district court, that has authority under limited circumstances to overrule otherwise binding precedent. Id. at 89, 94; United States v. Rodriguez-Pacheco, 475 F.3d 434, 441 (1st Cir. 2007); Eulitt v. Maine Dep't of Educ., 386 F.3d 344, 349 (1st Cir. 2004). The court discounted binding precedent in favor of "[r]eading...tea leaves...." LetterAdd:8.

Appellants have also submitted United States v. Sales, in which the court (a different judge), acknowledged the significance of binding precedent and cited Eulitt, but dismissed Sales's indictment by following the lead from the other Maine district judges. LetterAdd:8-9. There, the judge added: "the First Circuit may decide that recklessness is sufficient in the § 922(g)(9) context" and noted that Castleman's n.8 cases "all arise out of the immigration context and can thus be distinguished" from Booker. LetterAdd:9 & n.5. "By the logic of Castleman and its use of the legislative history," the court added, "it is possible that Booker could survive." LetterAdd:9 n.5. However, the court concluded that, "given the writing on the wall in Carter," "it would be presumptuous for" the court "to make that determination." LetterAdd:9. In the Government's view, the court erroneously slighted binding precedent and was "presumptuous" in ruling contrary to that precedent on an issue explicitly left open in Carter. The Government's supplemental pleadings address Carter and the multiple reasons why Booker remains sound precedent. Neither of these district court decisions undermine Booker or the

Government's pending arguments. Nor, of course, is this Court bound by a district court decision.[2]

Thank you for your assistance.

Sincerely,

Thomas E. Delahanty II
United States Attorney

/s/ Renée M. Bunker
Renée M. Bunker
Assistant U.S. Attorney

2The Government's notice of appeal in Carter is due August 7, 2014. Counsel has been advised that Carter is in state custody on a separate charge with a projected release date of 11/28/2016. The Government has filed a notice of appeal in Sales, who currently remains in federal custody as the court has taken under advisement a motion to stay the discharge order.

**UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2014, I electronically filed Rule 28(j) Letter, with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Virginia G. Villa
Federal Defender's Office
Key Plaza, 2nd Floor
23 Water Street
Bangor, ME 04401
(207) 992-4111 Ext. 102
virginia_villa@fd.org

/s/ Robert H. Booth, Jr.
Robert H. Booth, Jr.
Paralegal Specialist